# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARTHA CANTERBURY,

    Plaintiff,

v.                                                                   Case No. 8:15-cv-2683-T-AAS

NANCY BERRYHILL,
**Acting Commissioner of Social Security,**

    Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for Award of Attorney's Fees and Costs/Expenses Pursuant to Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (Doc. 22). Plaintiff seeks $7,697.28 in attorney's fees, costs in the amount of $40.00, and expenses in the amount of $13.91, pursuant to the EAJA.

The Court entered an Order reversing and remanding the case under sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings. (Doc. 20). The Clerk entered judgment in favor of Plaintiff thereafter. (Doc. 21). As the prevailing party, Plaintiff now requests an award of fees, costs, and expenses. *See* 28 U.S.C. § 2412(a)(1) & (d)(1)(A).

The Commissioner "does not challenge Plaintiff's status as the prevailing party, the total hours, or the hourly rate sought, nor does she argue her position was substantially justified." (Doc. 25). The Commissioner objects because Plaintiff's counsel failed to adequately confer, in good faith, with the Commissioner as required by Local Rule 3.01(g), Middle District of Florida. (*Id.*).

The Middle District of Florida requires a moving party to confer with opposing counsel before filing most civil motions. L.R. 3.01(g). In addition, parties are strongly encouraged to speak in person or over the telephone about all issues presented before the motion is filed. *See*

Middle District Discovery (2015) at I.(A)(2) ("The term 'confer' in Rule 3.01(g) means a substantive discussion."). One-way communication, such as an e-mail containing an ultimatum or simply submitting a proposed motion to counsel without further discussion, does not comport with the requirements of Local Rule 3.01(g). *See Greenwood v. Point Meadows Place Condo. Ass'n, Inc.*, No. 3:10-CV-1183-J-34TEM, 2011 WL 5358682, at *2 (M.D. Fla. Nov. 7, 2011).

Here, Plaintiff's counsel failed to comply with Local Rule 3.01(g). The Court will not deny this petition on that grounds this time; however, Plaintiff is cautioned that future filings that fail to comply with the Local Rules may be summarily denied.

Thus, Plaintiff is awarded $7,751.19 in attorney's fees, costs, and expenses, pursuant to the EAJA. After issuance of an order awarding EAJA fees, however, the United States Department of the Treasury will determine whether Plaintiff owes a debt to the government. If Plaintiff has no discernable federal debt, the government will accept Plaintiff's assignment of EAJA fees (Doc. 22, Ex. A) and pay the fees directly to Plaintiff's counsel.

For the reasons set out in Plaintiff's motion, therefore, it is hereby **ORDERED:**

1. Plaintiff's Motion for Award of Attorney's Fees and Costs/Expenses Pursuant to Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 22) is **GRANTED.**

2. Plaintiff is awarded $7,751.19 in attorney's fees, costs, and expenses, pursuant to the EAJA.

**DONE AND ORDERED** in Tampa, Florida, on this 18th day of May, 2017.

AMANDA ARNOLD SANSONE
United States Magistrate Judge